The Honorable John Threet Prosecuting Attorney Fourth Judicial District Washington County Courthouse
280 North College Avenue, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
You have asked for my opinion on a proposal in Washington County that deals with potential fees to access electronic information stored on the Assessor's website. You report the following: "The Assessor maintains a website wherein certain records may be accessed for a fee. He now wants to allow Washington County residents access to this site for free while charging non-county residents a fee (not to exceed the actual cost of reproduction of the records)." The rationale for the Assessor's proposal, as you report, is that the "county taxpayers have already paid for this access through their taxes, while others have not." You ask whether the proposal is permissible and, specifically, whether there are any constitutional ramifications.
RESPONSE
By your references to certain key words under the Arkansas Freedom of Information Act (FOIA) — such as "record" and the phrase "not to exceed the actual cost of reproduction" — I assume that you are asking whether the proposal is permissible under the FOIA. Because, in my opinion, the scenario you describe is probably not permissible under the FOIA, an additional analysis of possible constitutional ramifications is unnecessary. *Page 2 
DISCUSSION
Under the FOIA, custodians can charge less than what the FOIA refers to as the "actual costs of reproduction" or refrain from charging at all if the custodian determines (a) that doing so is in the public's interest and (b) that the FOIA requester's primary purpose is non-commercial.[1]
Under the scenario you describe, the custodian of records — in this case the Assessor — intends to charge some people a fee to access an electronic database, while giving the same access to others without a fee.
Given the above rules relating to eliminating or reducing fees, the scenario you describe seems to have two main problems. First, there is a question about what the actual costs of reproduction are for people to access the electronic database. Whatever fee the assessor intends to charge must reflect the real cost of accessing the database. Second, and more significantly, the custodian's decision to let all in-county residents access the database without a fee presupposes that the custodian has determined that no person in the county who accesses the database has a motive that is primarily commercial. It is hard to see how the assessor could make such a blanket finding because this sort of determination seems to require a case-by-case analysis.
Accordingly, in my opinion, the custodian's plan to eliminate the fee for people based solely on whether they are in-county is probably inconsistent with the FOIA.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 25-19-105(d)(3)(A)(iv) (Supp. 2009).
 *Page 1